J-S35030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN ROUSE | |
| Appellant | No. 3069 EDA 2014 |

Appeal from the PCRA Order September 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010141-2010

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 16, 2015**

Appellant, Calvin Rouse, appeals from the order entered on September 18, 2014, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court has ably summarized the underlying facts and procedural posture of this case.  As the PCRA court explained:

> [Appellant] entered an open guilty plea before [the trial court] on March 31, 2011 to . . . the charge of persons not to possess firearms. . . .[1]  On June 9, 2011, [the trial court sentenced Appellant to serve a term of] five to ten years [in prison]. . . .  [Appellant] did not file a post-sentence motion or [a direct appeal from his judgment of sentence].
>
> On January 24, 2012, [Appellant] filed a *pro se* petition under the [PCRA].  Gary S. Server, Esq. was appointed to

---

[1] 18 Pa.C.S.A. § 6105.

*Retired Senior Judge assigned to the Superior Court.

represent [Appellant]. . . . On June 24, 2013, Mr. Server filed a "no merit" letter and a motion seeking permission to withdraw as counsel pursuant to [***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. On July 3, 2013, [the PCRA c]ourt sent [Appellant] notice of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907.

Following Mr. Server's filing of the [no merit] letter, [Appellant] requested that Mr. Server be removed as counsel. That request was granted on October 28, 2013. On the same day, David S. Santee, Esq., was appointed to represent [Appellant]. On November 19, 2013, Mr. Santee filed a motion for leave to file an amended PCRA petition on behalf of his client. Mr. Santee filed an amended PCRA petition on February 18, 2014.

[Within the amended petition, Appellant claimed that, "[a]t the time [Appellant] entered his plea of guilty, he believed that it was a negotiated plea and that the Commonwealth would recommend a sentence of 11½ to 23 months['] incarceration." Appellant's Amended PCRA Petition, 2/18/14, at ¶ 6. Appellant also claimed that – even though he **repeatedly acknowledged**, prior to sentencing, that he was entering an **open** plea of guilty – he "felt pressure to [acknowledge the fact that it was an open plea, including by signing plea forms which declared that his plea was open], . . . believing that trial counsel would complete the forms consistent with the plea negotiation that [Appellant] believed was in place for a sentence of 11½ to 23 months['] incarceration." ***Id.*** at ¶ 16. Appellant thus claimed that trial counsel was ineffective for "inducing [Appellant] to plead guilty by representing that [Appellant] would receive a sentence of 11½ to 23 months of incarceration when no such agreement had been made by the Commonwealth." ***Id.*** at ¶ 31(b)(i). Further, Appellant claimed that counsel was ineffective for "failing to advise [Appellant] at sentencing, when it became clear that the 11½ to 23 month[s'] sentence he promised was unlikely, that [Appellant] could request to withdraw his guilty plea." ***Id.*** at ¶ 31(b)(ii).]

On September 18, 2014, [the PCRA court] held a hearing on [Appellant's] PCRA petition. [At the conclusion of the

hearing, the PCRA court made the following factual findings:]

. . .

There is no factual basis to support [Appellant's] claim that his guilty plea was unknowingly and involuntarily made. . . . At the PCRA hearing, [Appellant] did not deny that he entered an open guilty plea before [the trial court]. In addition, [Appellant] testified that he grasp[ed] the difference between an open guilty plea and a negotiated guilty plea. He even readily acknowledged that [the trial c]ourt never once made any reference to or mention of any such negotiated plea agreement in the instant case. Moreover, this was hardly [Appellant's] first time in court and he had previously entered guilty pleas in the past. [Appellant] incredibly testified that he believed a negotiated guilty plea was in place at the time of sentencing, despite the fact that [the trial c]ourt made no reference to any such agreement and despite the fact that [the trial c]ourt explained to [Appellant] that he could face [ten] years of incarceration for his open guilty plea. [Appellant] failed to offer any rational or credible explanation as to why he did not speak up and protest when [the trial court] sentenced him to [five to ten] years of incarceration if he sincerely believed he had negotiated a plea deal for 11½ to 23 months of incarceration. Being well-versed in the criminal system, [Appellant] is hardly someone who would misunderstand the difference between a negotiated and an open guilty plea. Simply put, [the PCRA c]ourt did not credit [Appellant's] testimony at the PCRA hearing.

Meanwhile, at that same hearing, [Appellant's plea counsel, Lonnie Fish, Esq.], credibly testified that there was no negotiated plea deal in place for his client and that this was in fact an open guilty plea. Further, Mr. Fish credibly testified that he never received instructions from his client to file an appeal on [Appellant's] behalf or withdraw [Appellant's] guilty plea. Mr. Fish [also testified] that he "absolutely" would have notified the [trial court] if he had received any instructions from his client [to withdraw the guilty plea]. . . . Again, [the PCRA] court simply did not believe anything that [Appellant] self-servingly testified to at the PCRA hearing. . . .

- 3 -

Moreover, notwithstanding his self-serving testimony, [Appellant] manifestly failed to proffer any evidence that his plea counsel was ineffective under the circumstances. The record in the instant matter is totally void of any credible evidence that [Appellant's] open guilty plea was anything but voluntary, intelligent, and knowing. It is abundantly clear from the record that [Appellant] knew what was going on in [the underlying] proceedings. On March 31, 2011, [the trial c]ourt conducted a thorough and careful plea colloquy:

[Trial Court:] [Appellant,] good morning. I understand from your attorney that you're going to plead guilty; is that correct, sir?

[Appellant:] Yes.

[Trial Court:] Before I can accept your waiver, I do have to ask you some questions to make sure you do understand what rights you're giving up.

[Appellant:] Yes.

[Trial Court:] How old are you?

[Appellant:] Fifty-three.

[Trial Court:] How far did you go in school?

[Appellant:] Tenth grade. I have my diploma.

[Trial Court:] So you read, write, and understand the English language?

[Appellant:] Pretty much, yes.

[Trial Court:] Have you ever been treated for any mental illnesses?

[Appellant:] No.

[Trial Court:] Are you under the influence of any drugs or alcohol or prescription medication that would prevent you from understanding what's happening here today?

[Appellant:] None.

[Trial Court:] I'm showing you the colloquy form.

[Appellant:] Yes.

[Trial Court:] Did you go over this form with your attorney?

[Appellant:] Yes.

[Trial Court:] Did you understand that form?

[Appellant:] Yes.

[Trial Court:] Is this your signature at the bottom of the page?

[Appellant:] Yes.

. . .

[Trial Court:] Your own attorney has indicated that you're pleading guilty to [18 Pa.C.S.A. § 6105], graded as an F2; is that correct?

[Appellant:] Yes.

[Trial Court:] Carries a maximum of ten years in prison with maximum fine of $25,000[.00]; do you understand that?

[Appellant:] Yes.

. . .

[Trial Court:] I understand from your attorney, you discussed this plea fully and he advised you of your rights?

- 5 -

[Appellant:] Yes.

[Trial Court:] At the end of this question and answer portion, I will have accepted your plea, which means I have made a judicial finding that your plea is proper. That means it is unlikely it will be reversed or overturned; do you understand that?

[Appellant:] Yes.

. . .

[Trial Court:] Once I hear the facts, if you choose, you can withdraw your plea at the time; do you understand that?

[Appellant:] Yes.

[Trial Court:] Once I hear the facts, if I [choose] not to accept this plea at this point, you can withdraw it.

[Appellant:] Yes.

[Trial Court:] Were you promised anything in exchange for your plea of guilty today?

[Appellant:] No, ma'am.

[Trial Court:] Were you threatened or forced?

[Appellant:] No.

[Trial Court:] Are you satisfied with the advice of your attorney?

[Appellant:] Yes.

[Trial Court:] Do you have any question for your attorney or the district attorney [] ?

[Appellant:] No, ma'am.

[Trial Court:] I find that [Appellant's] guilty plea is knowing, voluntary, and intentional and I accept it. . . .

PCRA Court Opinion, 1-2 and 4-11 (internal citations omitted).

On September 18, 2014, the PCRA court denied Appellant's PCRA petition and Appellant filed a timely notice of appeal to this Court. Now on appeal, Appellant raises the following claim:

> The PCRA court erred in denying post-conviction relief because Appellant testified that he believed he would receive a sentence of 11½ to 23 months [of] incarceration, plea counsel acknowledged that he discussed that very sentence with Appellant, and plea counsel further acknowledged that he never communicated his later concerns to Appellant before the [trial] court imposed its sentence.

Appellant's Brief at 14 (some internal capitalization omitted).

As we have stated:

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

**Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the

circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Id.***

At the outset, we note a subtle discrepancy between the claim raised in Appellant's PCRA petition and the claim argued in Appellant's brief to this Court. As explained above, within Appellant's PCRA petition, Appellant claimed that "[a]t the time [Appellant] entered his plea of guilty, he believed that it was a **negotiated** plea and that the Commonwealth would recommend a sentence of 11½ to 23 months['] incarceration." Appellant's Amended PCRA Petition, 2/18/14, at ¶ 6 (emphasis added). Within the petition, Appellant claimed that trial counsel was ineffective for: 1) "inducing [Appellant] to plead guilty by representing that [Appellant] would

- 8 -

receive a sentence of 11½ to 23 months of incarceration when no such agreement had been made by the Commonwealth" and 2) "failing to advise [Appellant] at sentencing, when it became clear that the 11½ to 23 month sentence he promised was unlikely, that [Appellant] could request to withdraw his guilty plea." *Id.* at ¶¶ 31(b)(i) and (ii).

However, within Appellant's brief to this Court, Appellant claims that, prior to sentencing, his trial counsel had informed Appellant that "a sentence of 11½ to 23 months['] incarceration was a **realistic possibility**" and that counsel would merely "**ask** for a sentence of 11½ to 23 months['] incarceration." Appellant's Brief at 19-20 and 22. According to the claim argued in the appellate brief, when it became apparent that "a sentence of 11½ to 23 months was no longer realistic," trial counsel had an obligation to "communicate his concerns to Appellant before proceeding any further so that Appellant could have decided whether to request permission to withdraw his guilty plea before being sentenced." *Id.* at 21 (internal emphasis omitted).

In other words, the claim Appellant raises in his PCRA petition is premised upon trial counsel's alleged representation, to Appellant, that there was a **negotiated** guilty plea in place, with which the Commonwealth was required to abide – whereas the claim Appellant argues in his appellate brief is premised upon the allegation that the guilty plea was **open**, but that trial counsel informed Appellant that "a sentence of 11½ to 23 months['] incarceration was a realistic possibility."

Clearly, since Appellant did not raise the latter claim in his PCRA petition, the claim is waived. Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Moreover, to the extent Appellant preserved the claim that trial counsel was ineffective for representing to Appellant that he was entering a negotiated guilty plea – where "the Commonwealth would recommend a sentence of 11½ to 23 months['] incarceration" – the claim fails. This is because the PCRA court found, **as a fact**, that Appellant knew his guilty plea was open and that trial counsel never represented to Appellant that the guilty plea was negotiated. PCRA Court Opinion, 1/6/15, at 4-11. Since the PCRA court's factual findings are supported by the evidence of record, Appellant's underlying claim has no arguable merit. Appellant's claim on appeal thus fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2015

- 10 -